# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-20-CV-00235-DCG |
| | § | |
| UNITED DEBT SETTLEMENT, LLC and JOHN DOES 1-4, | § § § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending the Court is *pro se* Plaintiff Brandon Callier's "Motion for Default Judgement" ("Motion") (ECF No. 6), filed on October 19, 2020. Therein, *pro se* Plaintiff asks the Court to enter default judgment against Defendant United Debt Settlement, LLC. after the complaint and summons were duly served on September 14, 2020, and Defendant has failed to appear as required by law. Mot. at 1, ECF No. 6. On October 16, 2020, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default, ECF No. 5. But in his motion, *pro se* Plaintiff did not attach a proper certificate of service. The certificate of service attached appears to come from a different case that *pro se* Plaintiff filed in this District before the Honorable Frank Montalvo. Mot. at 2.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed. R. Civ. P. 55(b)(2). However, it is within this Court's discretion to require a certificate of service with all motions for default judgment. An entry of default judgment under Rule 55(b)(2) against a party who has

failed to timely answer rests within the sound discretion of the presiding court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)); *accord Deer Valley Homebuilders, Inc. v. Adair Mobile Homes, LLC*, CIVA507CV163, 2007 WL 3407531, at *1 (S.D. Miss. Nov. 15, 2007). Moreover, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings*, 874 F.2d 274, 276 (5th Cir. 1989)).

Among the factors a court should consider in deciding whether to grant a default judgment are "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Requiring a certificate of service assists the Court in determining if the defendant's failure to act was willful, as well as whether the Court would later be obliged to set aside the default. Furthermore, because *pro se* Plaintiff seeks damages for a specific liquidated sum, it is not necessary to hold a hearing on damages. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("A hearing is not necessary if 'the amount claimed is a liquidated sum or one capable of mathematical calculation,'—i.e., 'the amount is easily computable.'"). As such, the Court finds that the defendant should be so notified through a copy of this Order.

Accordingly, **IT IS ORDERED** that *pro se* Plaintiff Brandon Callier's "Motion for Default Judgment" (ECF No. 6) is **HEREBY DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that *pro se* Plaintiff Brandon Callier **SHALL** have leave to re-file its motion for default judgment, in which Plaintiff **SHALL** attach as exhibits the return

of service, the clerk's entry of default, and a copy of this Order, as well as a certificate of service on Defendant United Debt Settlement, LLC. through its registered agent or other authorized agent in accordance with Rule 5 of the Federal Rules of Civil Procedure.

**So ORDERED and SIGNED this 21st day of October 2020.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**