# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-20-CV-00235-DCG |
| | § | |
| UNITED DEBT SETTLEMENT, LLC and JOHN DOES 1-4, | § § § | |
| | § | |
| *Defendants*. | § | |

## ORDER TO SHOW CAUSE

On this day, the Court *sua sponte* considered the above-captioned case. *Pro se* Plaintiff Brandon Callier ("Plaintiff") brought this lawsuit against Defendants United Debt Settlement, LLC ("UDS") and John Does 1-4 for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code § 305.053. Compl. at 5–13, ECF No. 1.

Although Plaintiff's complaint and summons were duly served on Defendant UDS on September 14, 2020, Defendant UDS failed to appear by October 5, 2020, as required by law. *See* ECF No. 3. On October 19, 2020, Plaintiff filed his first "Motion for Default Judgment" (ECF No. 6) solely against Defendant UDS, but the Court denied it without prejudice because Plaintiff had not attached a proper certificate of service to his motion. *See* ECF No. 7.

On October 21, 2020, the Court granted Plaintiff leave to re-file his motion for default judgment so that he could attach the proper certificate of service pursuant to Rule 5 of the Federal Rules of Civil Procedure, among other requirements. *Id.* Five days later, Plaintiff filed his second "Motion for Default Judgment" (ECF No. 9) solely against Defendant UDS in accordance with the Court's October 21st Order. However, to date, the record reflects that

Plaintiff has still not properly identified Defendants John Does 1-4 nor effectuated service of process upon them.

When "one of multiple defendants has defaulted, 'judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants,' especially in situations where several defendants are alleged to be jointly liable." *Bank of Am., NA v. Vandenburg*, 3:18-CV-3416-X, 2020 WL 1640344, at *2 (N.D. Tex. Apr. 2, 2020) (quoting *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, No. 4:14-CV-702, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2019)). In other words, "until [Defendants John Does 1-4 are] properly served," [Plaintiff] "cannot obtain a default judgment" against *them*. *Thompson v. Johnson*, 348 F. App'x. 919, 923 (5th Cir. 2009) (per curiam) (citations omitted); *see also Sigler v. Doe*, No. 10-cv-01794-LTB-BNB, 2011 WL 4829686, at *1 (D. Colo. Sept. 22, 2011) ("Until a defendant is properly identified and served, a defendant has no duty to answer or otherwise respond to a complaint. Because the Doe defendants have no duty to plead until they are properly identified and served, entry of default judgment against them prior to service is improper." (citations omitted)), *rec. accepted*, 2011 WL 4829482 (D. Colo. Oct. 12, 2011).

Accordingly, **IT IS ORDERED** that *pro se* Plaintiff Brandon Callier **SHALL SHOW CAUSE** in writing on or before **November 11, 2020**, whether he intends to continue pursuing his claims against the unidentified Defendants John Does 1-4 or whether, by having filed his second "Motion for Default Judgment" (ECF No. 9), he intends to voluntarily dismiss his claims against them so that the Court may properly enter default judgment in this case solely against Defendant UDS, if warranted.

**FAILURE TO RESPOND TO THIS ORDER BY NOVEMBER 11, 2020, MAY RESULT IN DISMISSAL OF ALL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JOHN DOES 1-4.[1]**

So ORDERED and SIGNED this 4th day of November 2020.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[1] *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order).