UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v.   § | EP-20-CV-00235-DCG |
| § | |
| **UNITED DEBT SETTLEMENT, LLC,** § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM ORDER

Presently pending before the Court is *pro se* Plaintiff Brandon Callier's ("Plaintiff") second "Motion for Default Judgment" (ECF No. 9) ("Motion"), filed on October 26, 2020. Plaintiff brought this lawsuit against Defendant United Debt Settlement, LLC ("UDS") for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code § 305.053.  Compl. at 5–13, ECF No. 1.  Although UDS was served with a summons and complaint, to date, it has not answered Plaintiff's Complaint or otherwise appeared in this case.  ECF No. 3.  Plaintiff now moves the Court to enter a default judgment.  For the reasons that follow, the Court **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion.

### I.   BACKGROUND

On September 3, 2020, Plaintiff filed the instant lawsuit against UDS and John Does 1-4, in which he alleges that Defendants placed seven calls to him that were unrelated to an emergency purpose under the TCPA and without his consent over the course of twenty-one days. Compl. ¶ 23.  Plaintiff alleges that Defendants called him for the purpose of selling him debt consolidation products and services, none in which Plaintiff is interested.  *Id.* ¶¶ 23–24.  Plaintiff alleges that these calls originated from spoofed caller ID's, contained a pre-recorded message, and were initiated by an automated telephone dialing system on behalf of UDS, which generally

had a delay of 3-4 seconds before an audible tone connected Plaintiff to a representative. *Id.* ¶ 27. Plaintiff alleges that Defendants placed each of the following phone calls from the same phone number ((551) 213-5331) without (1) properly identifying themselves; (2) the maintenance of an internal do-not-call policy; and (3) properly training their agents or employees on the use of an internal do-not-call policy:

| Date | Time of Call |
| --- | --- |
| August 7, 2020 | 9:02 AM |
| August 10, 2020 | 9:17 AM |
| August 10, 2020 | 3:23 PM |
| August 12, 2020 | 3:08 PM |
| August 13, 2020 | 3:10 PM |
| August 18, 2020 | 3:57 PM |
| August 27, 2020 | 12:52 PM |

*Id.* ¶ 29. Plaintiff further alleges that he has a limited data plan and a limited data storage capacity on his cell phone, both of which Defendants have willfully and knowingly dwindled using an automatic telephone dialing system without any underlying emergency justifying its use. *Id.* ¶¶ 31–34

After Plaintiff's complaint and summons were duly served on September 14, 2020, UDS failed to appear by October 5, 2020, as required by law. *See* ECF No. 3. On October 16, 2020, the Clerk of the Court entered default against UDS pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default, ECF No. 5. On October 19, 2020, Plaintiff filed his first "Motion for Default Judgment" (ECF No. 6) against UDS, but the Court denied it without prejudice because Plaintiff had not attached a proper certificate of service to that motion. ECF

No. 7.  The Court granted Plaintiff leave to re-file his motion for default judgment so that he could attach the proper certificate of service pursuant to Rule 5 of the Federal Rules of Civil Procedure, among other requirements.  *Id.*  On October 26, 2020, Plaintiff filed the instant Motion in accordance therewith.  Mot. at 1.  On November 6, 2020, Plaintiff voluntarily dismissed his claims against Defendants John Does 1-4.  ECF No. 14.

## II.  STANDARD

### A. Default Judgment

Federal Rule of Civil Procedure 55 governs entry of default judgment.  Initially, the clerk of the court must enter default against a defendant, if the defendant fails to plead or otherwise defend and the plaintiff shows that failure by affidavit or otherwise.  *See* Fed. R. Civ. P. 55(a).  Thereafter, the plaintiff may move the court for a default judgment.  *See* Fed. R. Civ. P. 55(b); *see also N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a *default judgment*." (emphasis added)).  The court may grant the motion only if there is "a sufficient basis in the pleading for the [default] judgment."  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  In addition to the complaint, the court, may consider evidence that "simply add[s] factual details [and thereby] fleshe[s] out [the plaintiff's] claim" or "serve[s] as further proof" of the plaintiff's allegations.  *Wooten v. McDonald Trans. Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).

In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8.  *Wooten*, 788 F.3d at 498 & n.3 ("Although most cases addressing Rule 8 arise in the context of a Rule 12(b)(6) motion to dismiss, . . . we decline to import Rule 12 standards into the default-judgment context.").  Rule 8 requires a pleading to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("A default judgment [must be] supported by well-pleaded allegations, assumed to be true."). "[D]etailed factual allegations" are not required, but the complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a default judgment, which is a judgment on the merits, conclusively establishes the defendant's liability, it does not establish the amount of damages. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The complaint's factual allegations regarding damages, even if well-pleaded, must still be proven. *See id.* Damages should not be awarded absent "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Rule 55(b)(2)(B) "explicitly grants the district court wide latitude" on whether to hold or to "forego an evidentiary hearing" on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B). A hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation,"—*i.e.*, "the amount is easily computable." *Freeman*, 605 F.2d at 857; *Richardson v. Salvation Army, S. Territory, USA*, 161 F.3d 7, 7, 1998 WL 723820, at *1 (5th Cir. 1998) (*per curiam*) (unpublished).

**B.   Standard for *Pro Se* Complaints and Briefs**

Courts are to liberally construe the pleadings and briefs of *pro se* litigants—such as Plaintiff in this case—and apply less stringent standards to *pro se* litigants than to parties

represented by counsel. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, like any other parties, *pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, and clearly address and brief the issues. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); *Grant*, 59 F.3d at 524; *Nunez v. U.S. Postal Serv.*, 298 F. App'x 316, 319 (5th Cir. 2008).

Moreover, "the 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate" for the *pro se* party. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Barker v. Norman,* 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) ("[A] district judge . . . is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel.").

### III.   DISCUSSION

By his Motion, Plaintiff requests the Court to enter default judgment in its favor and against UDS. Plaintiff seeks statutory damages sustained as a result of the seven calls UDS placed in violation of the TCPA and the Texas Business and Commerce Code. In support of its Motion, Plaintiff submitted an affidavit on statutory damages he himself prepared, *see* Mot. at 3–4.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," but not "conclusions of law." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Accordingly, in ruling on this Motion, where applicable, the Court will rely on well-pleaded facts in Plaintiff's Complaint—accepting them as admitted—and facts established by the affidavits and authenticated exhibits—accepting them as uncontroverted. *See Wooten*, 788 F.3d at 500.

### A. Plaintiff's Request for Default Judgment

**1. 47 U.S.C. § 227(b).**

Section 227(b) of the TCPA makes it unlawful for any person

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines "automatic telephone dialing system" as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," and to dial such numbers. *Id.* § 227(a)(1).

Section 227(b)(3) allows a private right of action for a violation under § 227(b). To state a claim under § 227(b) for calls made to a cellular phone, a plaintiff must allege that a defendant called to a cellular or wireless phone using an automatic dialing system or an artificial or prerecorded voice without the plaintiff's prior express consent. *See id.* § 227(b)(1)(A); *see also Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017). The Fifth Circuit has further held that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015).

UDS's default serves to admit that it placed seven calls to Plaintiff's cellular or wireless phone, Compl. ¶¶ 23, 29, using an automated dialing system, *id.* ¶ 27, without Plaintiff's prior express consent or for a reason other than emergency purposes, *id.* ¶¶ 24, 33. Thus, the Court finds that Plaintiff's allegations "met the low threshold of content demanded by Federal Rule of Civil Procedure 8." *Cf. Wooten*, 788 F.3d at 494. Accordingly, the Court concludes that the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that

UDS violated § 227(b) of the TCPA. The Court therefore grants Plaintiff's request for default judgment against UDS as to his claim under § 227(b).

### 2.  47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(b).

Section 227(c)(2) of the TCPA provides that "the [Federal Communications] Commission . . . shall prescribe regulations to implement methods and procedures for protecting the privacy rights described in such paragraph in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." Some of these prescribed regulations are found in 47 C.F.R. § 64.1200(d), which provides in relevant part that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list. . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

47 C.F.R. § 64.1200(d)(1), (2), & (4). In turn, § 227(c)(5) allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations. 47 U.S.C. § 227(c)(5).

UDS's default serves to admit that it failed (1) to have a written policy, available upon demand, for maintaining a do-not-call list, Compl. ¶¶ 35–36; (2) to inform and train its personnel in the existence and use of the do-not-call list, *id.* ¶ 37; and (3) to provide its identity whenever it contacted Plaintiff, *id.* ¶¶ 28, 30. Further, Plaintiff has sufficiently pleaded that he "has received more than one telephone call within any 12-month period by or on behalf of" UDS in violation of the prescribed regulations. Compl. ¶¶ 23, 29; 47 U.S.C. § 227(c)(5).

Thus, the Court finds that Plaintiff's allegations "met the low threshold of content demanded by Federal Rule of Civil Procedure 8." *Cf. Wooten*, 788 F.3d at 494. Accordingly, the Court further concludes that the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that UDS violated the requirements of provided in 47 C.F.R. § 64.1200(d). The Court therefore grants Plaintiff's request for default judgment against UDS as to his claim under § 227(c)(5).

### 3. Texas Business and Commercial Code § 305.053.

Under § 305.053, a "person who receives a communication that violates [the TCPA] . . . may bring an action in this state against the person who originates the communication." Tex. Bus. & Com. § 305.053. In other words, "if no violation of the TCPA exists, there is no violation of [§ 305.053]." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) (citing Tex. Bus. & Com. Code § 305.053; *Shields v. Americor Lending Grp., Inc.*, 01–06–00475–CV, 2007 WL 2005079 at *3 n. 8 (Tex. App. July 12, 2007); *Masters v. Wells Fargo Bank S. Cent., N.A.*, A–12–CA–376–SS, 2013 WL 3713492 at *3 (W.D. Tex. July 11, 2013)).

Because the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that UDS violated §§ 227(b)–(c) of the TCPA, the Court finds that Plaintiff's

analogue state-law allegations "met the low threshold of content demanded by Federal Rule of Civil Procedure 8." *Cf. Wooten*, 788 F.3d at 494. Accordingly, the Court concludes that the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that UDS violated Texas Business and Commercial Code § 305.053 and therefore grants Plaintiff's request for default judgment against UDS on such claims.

### B. Plaintiff's Requested Relief

#### 1. *Statutory and Treble Damages*

In his motion, Plaintiff asks for a total of $21,000 in damages, consisting of $1,500.00 per violation under both § 227(b) and § 227(c) for each the seven phone calls he received from UDS. Mot. at 3–4. When a plaintiff succeeds on either a § 227(b) or a § 227(c) claim, the TCPA provides that he can recover the greater of actual damages or $500 for each violation. 47 U.S.C. § 227(b)(3)(B), (c)(5)(B). A court may in its discretion, however, double or even treble damages for any "willful or knowing" violations. *Id.* § 227(b)(3), (c)(5). A willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001).

Based on Plaintiff's Complaint and the affidavit he included in his motion, UDS is liable for fourteen separate violations: seven under § 227(b) and seven others under § 227(c). At $500 per violation, Plaintiff is entitled to an award of **$7,000** in statutory damages. The Court, however, will not award Plaintiff the enhanced damages he seeks—$1,500 for each violation—because he has failed to establish that UDS knowingly and willfully violated the TCPA. *See Cunningham v. Arco Media Inc.,* 419CV00901RWSCAN, 2020 WL 2310021, at *5 (E.D. Tex. Apr. 3, 2020) (not awarding treble damages because plaintiff failed to establish that he requested

the calls to stop or that defendant knew or should have known that its conduct violated the TCPA), *report and recommendation adopted*, 419CV00901RWSCAN, 2020 WL 2306589 (E.D. Tex. May 8, 2020).

### 2. *Injunctive Relief*

In his Complaint, Plaintiff asks the Court for "an injunction enjoining [UDS] and [its] affiliates and agents" from further violating the TCPA in its communications with him. Compl. at 11–13.

Injunctive relief is available under the TCPA. 47 U.S.C. §§ 227(b)(3)(A), 227(c)(5)(A). Notwithstanding, the Fifth Circuit has explained that "[p]ermanent injunctions are never lightly given. They are hedged about with circumspection: to win one, a petitioner must show a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner." *Posada v. Lamb Cty.*, 716 F.2d 1066, 1070 (5th Cir. 1983) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629 (1953), and *Baldwin Metals Co., Inc. v. Donovan*, 642 F.2d 768, 775 & n. 17 (5th Cir. 1981)); *accord Ballenger v. Mobil Oil Corp.*, 138 F. App'x. 615, 622 (5th Cir. 2005). Because the TCPA authorizes injunctive relief, irreparable injury need not be shown. *See United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 855 (9th Cir. 1995) ("[A] statutory injunction may be imposed when a violation of a statute has been or is about to be committed.").

After due consideration, the Court concludes that Plaintiff is not entitled to a permanent injunction because he has "established neither a likelihood of future harm nor the inadequacy of his remedy at law." *Lary v. Trinity Phys. Fin. & Ins. Services*, 780 F.3d 1101, 1107 (11th Cir. 2015) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) ("[S]tanding to seek the injunction requested depend[s] on whether [the plaintiff] [i]s likely to suffer future injury.")). Simply put, Plaintiff failed to establish that UDS will continue to contact him in violation of the

TCPA. *Cf. Drew v. Lexington Consumer Advoc.*, 16-CV-00200-LB, 2016 WL 9185292, at *11 (N.D. Cal. Aug. 11, 2016) (entering injunction because plaintiff established that defendant continued to text him despite multiple efforts to stop the text messages, including a cease-and-desist letter, a small-claims action, and the lawsuit at issue), *report and recommendation adopted sub nom. Drew v. Lexington Consumer Advoc., LLC*, C 16-00200 SBA, 2016 WL 9223901 (N.D. Cal. Sept. 2, 2016); *Heidorn v. BDD Mktg. & Mgt. Co.*, LLC, C-13-00229 JCS, 2013 WL 6571629, at *18 (N.D. Cal. Aug. 19, 2013) (entering injunction because plaintiff established that defendant continued to call plaintiff despite multiple efforts to stop such calls), *report and recommendation adopted*, 13-CV-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013).

### 3. Attorney's Fees and Court Costs

Plaintiff finally also seeks attorney's fees and court costs. Because he is proceeding *pro se*, Plaintiff may not recover attorney's fees. *See Danial v. Daniels*, 162 F. App'x. 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney pro se litigant."); *accord Shelby v. Wells Fargo Bank, N.A.*, 3:18-CV-416-G-BH, 2018 WL 3979864, at *8 (N.D. Tex. July 23, 2018), *report and recommendation adopted*, 3:18-CV-0416-G (BH), 2018 WL 3971915 (N.D. Tex. Aug. 20, 2018), *appeal dismissed*, 18-11242, 2018 WL 7823799 (5th Cir. Dec. 11, 2018).

However, as to court costs, the Court awards Plaintiff his full costs. *See* Fed. R. Civ. P. 54 ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party."). Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a). Finally, the Court awards post-judgment interest, which shall be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the

judgment." 28 U.S.C. § 1961(a). Such interest shall be computed and compounded as provided in 28 U.S.C. § 1961(b).

## IV. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS ORDERED** that *pro se* Plaintiff Brandon Callier's second "Motion for Default Judgment" (ECF No. 9) is **GRANTED IN PART**, **DENIED IN PART**.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of *pro se* Plaintiff Brandon Callier, and against Defendant United Debt Settlement, LLC. Defendant United Debt Settlement, LLC **SHALL PAY** Plaintiff:

a. **$500** in statutory damages **for each of the seven** § 227(b) violations pursuant to 47 U.S.C. § 227(b)(3)(B); and

b. **$500** in statutory damages **for each of the seven** § 227(c) violations pursuant to 47 U.S.C. § 227(c)(5)(B).

**In total**, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendant **in the amount of $7,000.00 plus costs.** Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within **14 days** of this Memorandum Order.

**IT IS FINALLY ORDERED** that Defendant United Debt Settlement, LLC., **SHALL PAY** Plaintiff post-judgment interest at the rate of **0.13%**, until paid in full, to be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b).

**So ORDERED and SIGNED this 12th day of November 2020.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**